IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA §
§
v. § No. 1:08-CR-057-C
§
JASON ALAN SEYFFERT §

## PLEA AGREEMENT

Jason Alan Seyffert, defendant, Samuel David Mehaffey, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Seyffert understands that he has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Seyffert waives these rights and pleads guilty to the offense alleged in Count 3 of the indictment filed herein, charging a violation of 18 U.S.C. § 2252A(a)(2)(A), that is, Interstate Receipt of Child Pornography. Seyffert understands the nature and elements of the crime to which he is pleading guilty,

Jason Alan Seyffert
Plea Agreement - Page 1

and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period of not less than five years nor more than twenty years;

   b. a fine not to exceed $250,000.00;

   c. a term of supervised release of up to life, which must follow any term of imprisonment. If Seyffert violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

   d. a mandatory special assessment of $100.00; and

   e. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the guidelines:** Seyffert understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines, as well as the factors contained in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. Seyffert has reviewed the application of the advisory guidelines with his attorney, but understands no one can predict with certainty what guideline range will apply in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation.

5. **Court's discretion**: Seyffert understands that this plea agreement does not create a right to be sentenced within, or below, any particular guideline range, and fully understands that determination of the advisory guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum,) are solely in the discretion of the Court.

6. **Mandatory special assessment**: Prior to sentencing, Seyffert agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation**: Upon demand, Seyffert shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

8. **Sex Offender Registration Requirement:** Seyffert has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, Seyffert must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is, or will be, an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student, not later than three business days after

any change of his name, residence, employment, or student status. Seyffert has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

9. **Government's agreement**: The government will not bring any additional charges against Seyffert based upon the conduct underlying and related to Seyffert's plea of guilty. (This is limited to any charges that could be filed for possession, transportation, or receipt of child pornography or child obscenity, and does not restrict this district from filing any charges related to production of child pornography or any kind of sexual abuse or exploitation of a child, if evidence of such conduct is developed.) The government will dismiss, after sentencing, any remaining charges in the pending indictment. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Offices for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Seyffert or any property.

10. **Violation of agreement**: Seyffert understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Seyffert for all offenses of which it has knowledge. In such event, Seyffert waives any objections based

**Jason Alan Seyffert**
**Plea Agreement - Page 4**

upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Seyffert also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence**: Seyffert waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. §§ 2241 and 2255. Seyffert, however, reserves the right to bring (a) a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) a claim of ineffective assistance of counsel.

13. **Representation of counsel**: Seyffert has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Seyffert has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Seyffert has

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 19th day of December, 2008.

_____
JASON ALAN SEYFFERT
Defendant

_____
SAMUEL DAVID MEHAFFEY
Attorney for Defendant
Texas State Bar No. 24032857

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
STEVEN M. SUCSY
Assistant United States Attorney
Texas State Bar No. 19459200
1205 Texas Ave., Suite 700
Lubbock, Texas 79401
Telephone: 806.472.7351
Facsimile: 806.472.7394
e-mail: steve.sucsy@usdoj.gov

_____
DENISE B. WILLIAMS
Deputy Criminal Chief
Texas State Bar No. 02975990

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

X _____    12-19-08
JASON ALAN SEYFFERT           Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____      12-19-08
SAMUEL DAVID MEHAFFEY         Date
Attorney for Defendant