U.S. DISTRICT COURT
~~NORTHERN DISTRICT OF TEXAS~~

**FILED**

APR 2 4 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# United States District Court

## Northern District of Texas
### Abilene Division

UNITED STATES OF AMERICA

v.

Case Number    1:08-CR-057-01-C
USM No. 37595-177

JASON ALAN SEYFFERT
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JASON ALAN SEYFFERT, was represented by Samuel Mehaffey.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to this defendant.

The defendant pleaded guilty to count 3 of the indictment filed on 09/17/2008. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2 | Interstate Receipt of Child Pornography and Aiding and Abetting | 12/08/2007 | 3 |

As pronounced on 04/24/2009, the defendant is sentenced as provided in pages 1 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 3, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the ___24th___ day of April, 2009.

DISTRICT JUDGE SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

Defendant: JASON ALAN SEYFFERT                                      Judgment--Page 2 of 4
Case Number: 1:08-CR-057-01-C

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 210 months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: JASON ALAN SEYFFERT                                    Judgment--Page 3 of 4
Case Number: 1:08-CR-057-01-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 35 years.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JASON ALAN SEYFFERT                                    Judgment--Page 4 of 4
Case Number: 1:08-CR-057-01-C

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1.  The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

2.  The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e. clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

3.  The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

4.  The defendant shall neither possess nor have under his/her control any sexually oriented, or sexually stimulating materials of adults or children. This may include visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

5.  The defendant shall register with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, or is a student. The defendant shall provide all information required in accordance with state registration guidelines. Initial registration shall be completed within 3 business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within 3 business days following registration. This registration shall be renewed as required by the defendant's assigned tier. The defendant shall, no later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex offender registry.

6.  The defendant shall not have any form of unsupervised contact with persons under the age of 18 at any location, including but not limited to, the defendant's residence, place of employment, and public places where minors frequent or congregate, without prior permission of the probation officer.

7.  The defendant shall not possess, have access to, or utilize a computer or internet connection device including, but not limited to Xbox, Play Station, Nintendo, or similar devices without permission of the court.

8.  The defendant shall submit to a search of his person, property, house, vehicle, papers, computer, and other electronic communication or data storage devices or media at any time, with or without a warrant, by any law enforcement officer or probation officer who has reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release. Any such items found may be seized by the probation officer.

Defendant: JASON ALAN SEYFFERT                                    Judgment--Page 4a of 4
Case Number: 1:08-CR-057-01-C

9.   The defendant shall not maintain or create a user account on any social networking site (i.e. MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile of users under the age of 18.

10.  The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

11.  The defendant shall submit a blood sample as directed by the U.S. Probation Officer, to be included in the State Sex Offender DNA Data Bank. The defendant shall pay for the costs of such services.

12.  The defendant shall cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004.